The opinion of the court was delivered by
Watkins, J.
This case was before us last year and was remanded' for retrial. 41 An. 686.
The accused was convicted a second time of shooting and wounding one John L. Parsley, with intent to kill and murder him, and from judgment sentencing him to ten years’ imprisonment at hard labor he has appealed, and for relief relies on several bills of exception taken to the reception of certain testimony, and one to the judge’s refusal to grant a new trial.
I.
The first bill relates to objections urged by defendant’s counsel,, to proof being made by a State witness, of a conversation had with *805 ■defendant on the day preceding the shooting, and which were: first, that the proof was irrelevant to the issue; second, it was an attack on the defendant’s character, which had not been put at issue; third, and that the effect of the evidence would be to mislead and prejudice the jury against him.
The statement of the witness, as given in the bill of exceptions, is, that on the afternoon of the night on which the shooting occurred at 8 o’clock, P. m., the accused stated, amongst other things, that Dr. Leibert was a rascal and the witness should not have any thing to do with him; that Leibert had caused his arrest, and had him to be put under bond; and that he (defendant) wanted to settle with him, as he was tired of being treated that way. The judge overruled the objections and admitted the evidence because they went to the effect and because he could not tell whether they were prejudicial to the character of the accused until the facts of the case were developed; and if at that time they were so found, he would instruct the jury to disregard them, if not calculated to throw light upon the res gestee. It is a fact to be taken into consideration that the State relied exclusively upon cireuvistantial evidence, and was necessitated, for that reason, to eke out proof of defendant’s guilt, by piecemeal, and to obtain it from any possible source at her command. At the particular stage of the trial at which these objections were interposed, it was, in all likelihood, impossible for the judge to determine the pertinency of the evidence offered; and, under the well-recognized rule of law that no party can be controlled in the order in which he shall introduce his testimony, the only proper course for the judge to pursue was to admit the testimony, under the reservation he made. And, had the grounds of defendant’s objection been well taken, he should have insisted on the proffered instructions being given to the jury, and, the same having been refused, he should have reserved a bill of exceptions. We cannot perceive what other course was open to the judge; and, if the State failed to connect the proffered testimony with the crime charged, it would have been given no weight with the jury, and the defendant’s counsel could have required the judge to so instruct the jury.
We do not regard this evidence as, even remotely, affecting the character of the accused, and it was not offered for that purpose; and we can not perceive how, under proper instructions to the jury, such evidence could mislead or prejudice the minds of the jury. All *806 of the objections urged turn upon the same pivot — did it form one of the connecting links in the chain of evidence against the accused? Of this the trial judge was competent to decide; and, as the record discloses no exception to his charge to the jury, we may fairly assume that his judgment was not erroneously exercised.
IL
The second bill relates to a question asked of a witness, as to whether he had ever arrested the accused, and which was objected to as not being the best evidence, and that the record of the proceeding in which the arrest was made was the best evidence, and it should have been resorted to, to prove the fact of an arrest having been made; and the further objection was urged, that, if introduced, such evidence would have the effect of an attack on the character of the accused.
It is a Well-recognized rule of law, that the best evidence, which, from the nature of the ease must be supposed to exist, and be within a party’s control, must be produced. But we can not perceive in what way the proof offered infringes that rule. The object of the testimony, simply, was to show the fact of the defendant’s arrest, as a corroborative circumstance of what the accused had related to the previous witness, on the evening of the shooting in question. Had the State intended to show the existence or pendency of another prosecution, or some like fact, or transaction, undoubtedly the record thereof would have been the best evidence; but, when the fact sought to be proved is the mere circumstance of an arrest having been made, the parol declarations of the officer who made it is the best evidence. The object in view was to show the mere existence of a fact, not the contents, purport, or effect of the proceedings themselves.
We can not see how such proof could effect in any way the character of the accused. It was not intended to have any such effect, and we do not think it did.
III.
The third bill of exceptions relates to the statement of a witness in regard to seeing some person pass by him on the night of the shooting, riding, very rapidly. The witness stated that it was dark, and that the horseman rode by so rapidly, he being on the ground arranging his saddle, and his own horse being between him and said horseman, he could not distinguish him with any certainty. Where *807 upon the District Attorney asked the witness to state who he thought it was, and the answer and that was objected to as a matter of opinion, and the objection was sustained. Subsequently, upon further pressing interrogation by the District Attorney, the witness stated that he thought it was the accused. Objection was at once made by the defendant, and it was sustained by the court, and the jury were instructed to disregard the statement. But defendant’s counsel make the point, that subsequently, in the presence and hearing of the jury, the judge made the following observation, viz: “That an impression made on (a) witness is admissible in evidence as (a part of) a chain of circumstances, if it is the best evidence attainable;” and that this statement had the effect of overruling his previous ruling on the introduction of same evidence, and caused the jury to consider said opinions of said witness as evidence, much to the injury and detriment of the accused.
In explanation the judge states at the foot of the bill “that the above remark was made simply in explanation of a ruling, and long after the ruling mentioned was made, and after the witness had retired from the court room, and same was stated to counsel only, and no more than for the purpose of enabling them to dispatch business,” etc.
Under the circumstances, we are unable to perceive in what way the jury were likely to have mistaken the judge’s instructions with regard to the mere opinion of the witness. The statement complained of was a general observation parenthetically made to counsel, and did not refer to the opinion which the witness had expressed, but had reference to impressions made upon witnesses generally, and which he thought, under exceptional circumstances, not existing in this case, might be receivable in evidence. Such a general observation, inapplicable to any particular testimony, though objectionable in a certain sense, can not, under the circumstances of this case, have prejudiced or mislead the jury in reference'to their verdict.
IY.
The fourth bill relates to the evidence adduced on cross-examination of one of defendant’s witnesses who was offered and interrogated for the purpose of proving an alibi. In the course of his testimony the witness stated that the accused crossed bayou Nez Pique at the Guidry ferry at 6 o’clock, on the evening or night of the shooting, *808 which occurred shortly before 8 o’clock, and passed over into the parish of Acadia, and did not return into the parish of Calcasieu, Where the shooting was done, until next morning, when he again recrossed the bayou at Guidry’s ferry, returning. The District Attorney cross-interrogated the witness in regard to the existence of other ferries across said bayou Nez Pique, and their respective distances from the town of Jennings; and to this line of cross-interrogation, defendant’s counsel objected on the ground that it was not in rebuttal of anything adduced by him during the course of the witness’ interrogation in chief.
While conceding the force of the rule, that the State, on the cross-examination of the defendant’s witnesses, must be confined to the matters brought out in his examination in chief, yet we do not regard that rule as violated in this instance. The question was of an alibi. To this question all of the witnesses’ testimony was directed. The defendant’s counsel sought to show that he had left the parish just prior to the shooting, and by a certain, particular route, and by that route he had returned again on the following morning. Certainly proof of the existence of other ferries across that stream, in the same vicinity, and equally convenient and accessible to the accused, would have militated against defendant’s theory, and left a doubt in the mind of the jury, as to the absence of the accused. The cross-interrogation was germain and in line with the interrogation in chief, and the defendant’s objection was properly overruled.
V.
The next question presented for our consideration, is the propriety and justice of the judge’s refusal to grant the accused a new trial. The motion is quite elaborate, and rests upon three propositions: first, that the verdict of the jury is contrary to the law and evidence —much of the latter being recited; second, that the various objections to the introduction of testimony — enumerating those we have, just considered — should have been sustained; third, that since the trial, he had discovered new and additional evidence, which, if ad•duced on another trial, would produce a different verdict.
Of course, in determining whether a new trial should be granted ■on the ground first assigned, the'proof incorporatedinthe bill should disclose some flagrant error, or radical mistake of the judge in the •administration of the cause, or other defect than the mere alleged *809 insufficiency of proof to justify a conviction, as that question is for the. jury alone; and in judging of the estimate placed upon it by the trial judge, we must repose on his sound legal judgment and discretion, in a great degree.
The second proposition is untenable, because our examination of the various bills of exception show them not to be meritorious.
No mention is made in brief or argument in reference to grounds of "the judge’s denial of the motion for new trial; and, on the showing made, on the ground of newly discovered testimony, we are clearly of the opinion that the accused is not entitled to it.
Judgment affirmed.